1
2
3
4
5
6
7
8

NOT FOR CITATION

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12

JAMES ALAN BUSH,                      )      No. C 09-04231 JF (PR)
                                       )
13
                    Plaintiff,         )      ORDER OF DISMISSAL WITH
                                       )      LEAVE TO AMEND; DENYING
14
       vs.                             )      CLASS CERTIFICATION
                                       )
15
                                       )
16    DR. DEAN, et al.,                 )
                                       )
17                  Defendants.        )
                                       )
    _____   )
18
19          Plaintiff, a pretrial detainee at Santa Clara County Jail, filed in <u>pro se</u> the instant

20    civil rights action pursuant to 42 U.S.C. § 1983.  (Docket No. 4.)  Plaintiff will be granted

21    leave to proceed <u>in forma pauperis</u> in a separate written order.  For the foregoing reasons,

22    the Court will dismiss the complaint with leave to amend.

23
24                                    **DISCUSSION**

25    A.     <u>Standard of Review</u>

26          A federal court must conduct a preliminary screening in any case in which a

27    prisoner seeks redress from a governmental entity or officer or employee of a

28    governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff seeks to bring a class action on behalf of all pretrial detainees "who are homosexual and who have been diagnosed with, and who are being or who will be treated for, HIV/AIDS, and who are or will be confined at the Santa Clara County Main Jail or the Elmwood Correctional Facility." (Compl. at 2.) However, pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Accordingly, class certification is DENIED. This action will proceed only the basis of Plaintiff's personal claims.

The complaint is also deficient because Plaintiff failed to use the court form complaint, which requires Plaintiff to provide specific screening information, including a showing that he has administratively exhausted his claims. Plaintiff will be given leave to file an amended complaint using the court form.

In amending, Plaintiff should also bear in mind that he must "set forth specific facts as to each individual defendant's" actions which he contends violated his

constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

1.      The complaint is DISMISSED with leave to amend within **thirty (30) days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (09-04213 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: ___1/26/10_____        _____
                                    JEREMY FOGEL
                                    United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA


JAMES ALAN BUSH,

                 Plaintiff,

   v.

DR DEAN, et al.,

                 Defendants.
_____/

Case Number: CV09-04231 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/1/10_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James Alan Bush DWF967-08086698
Santa Clara County Jail
885 N. San Pedro Avenue
San Jose, CA 95110


Dated: _____2/1/10_____

                      Richard W. Wieking, Clerk