*E-Filed 9/27/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES ALAN BUSH, | No. C 09-4231 RS (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| DEAN WINSLOW, et al., | |
| Defendants. | **INSTRUCTIONS TO CLERK** |

This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983 against defendants, employees at the Santa Clara County Main Jail. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

United States District Court

For the Northern District of California

1  be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*.

2  § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica*

3  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

5  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

6  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

7  plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

9  Twombly, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

10  conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

11  drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th

12  Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged violation was committed by a person acting under the color

15  of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **II.    Claims**

17      Plaintiff alleges that (1) Dr. Dean Winslow, a physician at the Santa Clara County Jail,

18  disclosed plaintiff's private medical information to staff and inmates in violation of

19  plaintiff's right to medical privacy, thereby endangering him, in violation of the Eighth

20  Amendment; and (2) defendants Edward Flores, Chief of Corrections, and D. Sepulveda,

21  Captain of the Department of Correction, failed to respond to plaintiff's requests to prevent

22  disclosure of his private medical information, thereby endangering him in violation of the

23  Eighth Amendment.  Liberally construed, plaintiff's claims appear to be cognizable under

24  § 1983.

25                    **CONCLUSION**

26      For the foregoing reasons, the Court orders as follows:

27      1.      The Clerk of the Court shall issue summons and the United States

28

No. C 09-4231 RS (PR)
ORDER OF SERVICE

United States District Court
For the Northern District of California

Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon the following defendants at the Santa Clara County Jail: (1) Dr. Dean Winslow; (2) Edward Flores, Chief of Corrections; and (3) D. Sepulveda, Captain of Corrections. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you

are suing makes a motion to dismiss for failure to exhaust, and that motion is properly

supported by declarations (or other sworn testimony) and/or documents, you may not simply

rely on what your complaint says.  Instead, you must set out specific facts in declarations,

depositions, answers to interrogatories, or documents, that contradict the facts shown in the

defendant's declarations and documents and show that you have in fact exhausted your

claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if

appropriate, may be granted and the case dismissed.

        b.     In the event defendants file a motion for summary judgment,

the Ninth Circuit has held that the following notice should be given to plaintiffs:

        The defendants have made a motion for summary  judgment by which they

seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the

Federal Rules of Civil Procedure will, if granted, end your case.

        Rule 56 tells you what you must do in order to oppose a motion for summary

judgment.  Generally, summary judgment must be granted when there is no genuine issue of

material fact — that is,  if there is no real dispute about any fact that would affect the result

of your case, the party who asked for summary judgment is entitled to judgment as a matter

of law, which will end your case.  When a party you are suing makes a motion for summary

judgment that is properly supported by declarations (or other sworn testimony), you cannot

simply rely on what your complaint says.  Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided

in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents

and show that there is a genuine issue of material fact for trial.  If you do not submit your

own evidence in opposition, summary judgment, if appropriate, may be entered against you.

If summary judgment is granted in favor of defendants, your case will be dismissed and there

will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff

is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v.*

*Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

United States District Court
For the Northern District of California

with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**.

DATED:  September 27, 2010

_____
RICHARD SEEBORG
United States District Judge